J-S04027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHYKEIR SMITH | : | |
| | : | |
| Appellant | : | No. 525 EDA 2022 |

Appeal from the PCRA Order Entered November 26, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012874-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHYKEIR SMITH | : | |
| | : | |
| Appellant | : | No. 526 EDA 2022 |

Appeal from the PCRA Order Entered November 26, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012875-2014

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 22, 2023**

Appellant, Shykeir Smith, appeals *nunc pro tunc* from the order entered

in the Philadelphia County Court of Common Pleas, which denied as untimely

his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at

_____

[*] Retired Senior Judge assigned to the Superior Court.

42 Pa.C.S.A. §§ 9541-9546. We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. A jury convicted Appellant at two underlying docket numbers of two counts of attempted murder, and one count each of firearms not to be carried without a license, carrying firearms in public on streets of Philadelphia, possessing an instrument of crime, and robbery. The court sentenced Appellant on October 1, 2015, to an aggregate term of 38½ to 82 years' imprisonment. This Court affirmed the judgment of sentence on May 2, 2017, and our Supreme Court denied allowance of appeal on September 11, 2017. *See Commonwealth v. Smith*, No. 3274 EDA 2015 (Pa.Super. filed May 2, 2017) (unpublished memorandum), *appeal denied*, 642 Pa. 561, 170 A.3d 1037 (2017).

Appellant filed the current PCRA petition *pro se* on February 19, 2019. The court appointed counsel, who filed a no-merit letter per *Turner/Finley*[1] and motion to withdraw on August 29, 2019. On October 30, 2019, the PCRA court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant did not respond, and the court denied PCRA relief on November 26, 2019. The court subsequently entered an order granting PCRA counsel's request to withdraw.

Due to some procedural issues that occurred thereafter, the court

---

[1] *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

appointed new counsel for Appellant, who successfully sought reinstatement of Appellant's appeal rights *nunc pro tunc*. Appellant timely filed notices of appeal *nunc pro tunc* at each underlying docket from the denial of PCRA relief, which this Court later consolidated *sua sponte*. The court did not order, and Appellant did not file, a concise statement of errors per Pa.R.A.P. 1925(b).

Preliminarily, current appellate counsel has filed a motion to withdraw and no-merit[2] brief in this Court. Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**. ***Commonwealth v. Karanicolas***, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with

---

[2] Counsel designated his no-merit brief as one per ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which applies to attorneys seeking to withdraw representation on direct appeal. We can accept counsel's filing in this case as a ***Turner/Finley*** brief. ***See Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 584 Pa. 691, 882 A.2d 477 (2005) (stating Superior Court can accept ***Anders*** brief in *lieu* of ***Turner/Finley*** brief, where PCRA counsel seeks to withdraw on appeal).

privately retained counsel. ***Id.*** "Substantial compliance with these requirements will satisfy the criteria." ***Karanicolas, supra*** at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and a ***Turner/Finley*** brief detailing the nature of counsel's review and explaining why Appellant's claims lack merit. Counsel's brief also demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding his rights. Thus, counsel substantially complied with the ***Turner/Finley*** requirements. ***See Wrecks, supra***; ***Karanicolas, supra***. Accordingly, we proceed with our independent assessment. ***See Turner, supra*** at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

Counsel raises the following issue on Appellant's behalf:

> Did the PCRA Court err when it dismissed [Appellant's] PCRA petition without a hearing as untimely filed and not raising a meritorious claim under the PCRA?

(No-Merit Brief at 5).[3]

On appeal, Appellant acknowledges that his current PCRA petition is facially untimely. Appellant argues, however, that he satisfies the governmental interference exception to the time-bar because he was "in the hole" after sentencing and had no access to the law library. Appellant also

---

[3] Appellant has not responded to the no-merit brief *pro se* or with newly-retained counsel.

claims he did not know about the PCRA's time limitations. Further, Appellant insists that his prior counsel were ineffective. Appellant also contends the court should have granted a mistrial where one of the jurors allegedly mouthed the word "guilty" before deliberations began. Finally, Appellant complains the trial judge demonstrated bias against Appellant during the proceedings. Following our independent review of the record, we agree with counsel that the appeal is frivolous. *See Turner, supra*.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Ballance*, 203 A.3d 1027 (Pa.Super. 2019), *appeal denied*, 654 Pa. 600, 216 A.3d 1044 (2019). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or

- 5 -

the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final on December 10, 2017, after the time in which to file a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9543(b)(3); U.S.S.Ct.R. 13 (stating petitioner has 90 days to file petition for writ of *certiorari*). Appellant filed the current PCRA petition on February 19, 2019, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Significantly, Appellant did not allege any exception to the PCRA time-bar in his *pro se* PCRA petition. Rather, Appellant merely asserted ineffectiveness of counsel.[4] Nevertheless, Appellant's allegations of ineffectiveness do not satisfy any of the exceptions to the time-bar. ***See generally*** 42 Pa.C.S.A. § 9545(b)(4) (stating that for purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained); ***Commonwealth v. Bennett***, 593 Pa. 382, 930 A.2d 1264 (2007) (holding that allegation of counsel's ineffectiveness cannot be

---

[4] Specifically, Appellant's *pro se* PCRA petition alleged: "Ineffective Assistance of Counsel. I have no knowledge of the law & I have a very low educational level. I am requesting counsel. My Direct Appeal Counsel lost [a]ll of my paperwork, including my transcript." (PCRA Petition, filed 2/19/19, at 5).

invoked as "new fact" exception to time-bar, except where counsel abandons client on appeal).

Moreover, to the extent we could consider for the first time on appeal Appellant's attempt to invoke the governmental interference exception based on Appellant's lack of access to the law library because he was "in the hole," our courts have rejected similar arguments. *See Commonwealth v. Albrecht*, 606 Pa. 64, 994 A.2d 1091 (2010) (holding restricted incarceration status of capital inmates did not satisfy governmental interference time-bar exception where appellant failed to show that any conditions of his incarceration were illegal); *Commonwealth v. Bankhead*, 217 A.3d 1245 (Pa.Super. 2019) (stating that without assertion of illegality on part of government officials, restriction on access to prison resources does not qualify as governmental interference to time-bar exception); *Commonwealth v. Rizvi*, 166 A.3d 344 (Pa.Super. 2017) (rejecting appellant's reliance on governmental interference exception where appellant claimed that both limited library resources and restricted housing status frustrated his efforts to understand and invoke his appellate rights; appellant did not allege that correctional facility administered its library or housing policies in violation of his rights under constitutional or state law).

Therefore, Appellant has failed to satisfy any time-bar exception and we

cannot reach the merits of his underlying claims.[5]  Accordingly, we affirm the order dismissing Appellant's PCRA petition as untimely and grant counsel's request to withdraw.

Order affirmed.  Petition to withdraw is granted.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023

---

[5] We also note that Appellant challenged on direct appeal the court's refusal to grant a mistrial based on the juror allegedly mouthing the word "guilty" before deliberations began.  The trial court decided that Appellant's parents, who had seen the juror, misinterpreted what the juror mouthed and that the juror actually mouthed the word "hungry."  This Court found no abuse of discretion in the trial court's finding.  **See Smith, supra**.  Therefore, even if Appellant's current petition was timely filed, Appellant would have been precluded from raising this particular claim, as it was previously litigated.  **See** 42 Pa.C.S.A. § 9543(a)(3) (stating that to be eligible for PCRA relief petitioner must demonstrate allegation of error has not been previously litigated or waived).